THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 John Douglas Alexander, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2010-UP-265
 Submitted March 1, 2010  Filed April 29,
2010

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all
 of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  John
 Douglas Alexander appeals his convictions for assault and battery with intent
 to kill and possession of a firearm during the commission of a violent crime.  He
 argues the trial court erred by failing to charge self-defense and by allowing
 implied malice to be charged.  We affirm[1] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities.  
1. As to whether the trial court
 erred in failing to instruct the jury on self-defense: State v. Brannon, 347 S.C. 85, 89, 552 S.E.2d 773, 774-75 (Ct. App. 2001) (holding an
 issue is not preserved for review on appeal if it was not raised to and ruled
 upon by the trial court); Id. at 89, 552 S.E.2d at 775 (finding an issue
 conceded at trial cannot be argued on appeal).  
2. As to whether the trial court
 erred in charging the implied malice jury instruction: State v. Carlson, 363 S.C. 586, 595-96, 611 S.E.2d 283, 288 (Ct. App. 2005) (affirming that
 constitutional arguments are not an exception to the error preservation
 rule and "if not raised to the trial court are deemed waived on appeal"); Brannon, 347 S.C. at 89, 552 S.E.2d at
 774-75 (holding an issue is not preserved for review on appeal if it was not
 raised to and ruled upon by the trial court).[2]
AFFIRMED.       
SHORT, WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2]  Because the issue is unpreserved, we
 decline to analyze this case in light of  State v. Belcher, 385 S.C. 597, 612-13, 685 S.E.2d 802, 810 (2009) (stating
 its holding that "where evidence is presented that would reduce, mitigate,
 excuse, or justify a homicide (or assault and battery with intent to kill)
 caused by the use of a deadly weapon, juries shall not be charged that malice
 may be inferred from the use of a deadly weapon" applies to "all
 cases which are pending on direct review or not yet final where the issue is
 preserved".